UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roger J. Day,

                Plaintiff,

v.

State of Minnesota,

                Defendant.

Case No. 19-cv-398 (JNE/ECW)

**ORDER**

This case is before the Court on Plaintiff Roger J. Day's Request for Extension of Time to Make Oral Motion for Reconsideration of Order denying referral to *Pro Se* Project ("Request") (Dkt. No. 6). According to Plaintiff, he suffers from a disability that "severely limits his capacity to carry out the tasks necessary to access justice," including searching for an attorney. (*Id.*) Plaintiff asserts that the Court's March 15, 2019 Order (Dkt. No. 5) "incorrectly equat[ed] *Pro Se* project referral with granting entitlement to appointment of counsel" and that the Court must follow an "established Process for Referral" with respect to his Request.[1] (Dkt. No. 6).

Under Local Rule 7.1(j), a party must show "compelling circumstances" to obtain permission to file a motion to reconsider.[2] *See* D. Minn. L.R. 7.1(j). A district court has

---

[1] This "established Process for Referral" assertion is based on a copy of a *Pro Se* Project document submitted with his Request. The origin and status of this document is unclear, and, in any event, a *Pro Se* Project document is not binding on the Court.

[2] It is unclear from Plaintiff's Request whether he is seeking permission to submit his proposed Motion or simply seeking more time for the proposed Motion. In any event,

discretion in determining whether to allow a party to file a motion to reconsider. *Eckerson v. Blowers*, No. 07-cv-984, 2008 WL 239556, at *1 (D. Minn. Jan. 29, 2008). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Notwithstanding Plaintiff's alleged disability, "the Court has no obligation to refer a pro se litigant to the *Pro Se* Project." *Rickmyer v. ABM Sec. Servs., Inc.*, No. CV 15-4221 (JRT/FLN), 2016 WL 1248677, at *5 (D. Minn. Mar. 29, 2016) (denying motion for referral to the FBA *Pro Se* Project framed as ADA accommodations request), *aff'd*, 668 F. App'x 685 (8th Cir. 2016); *see also Issaenko v. Univ. of Minnesota*, No. 13-cv-3605 (JRT/SER), 2016 WL 8198306, at *9 (D. Minn. Jan. 25, 2016) ("[Plaintiff] argues the 'Court has refused to refer this case to the Early Settlement Conference program and allow additional time [for] Plaintiff to respond to Defendant[s'] Motion, as requested by a volunteer attorney acting for Plaintiff through the *Pro-Se* Project.' Civil litigants have no constitutional right to counsel, and therefore, [Plaintiff] is not entitled to a referral to the Early Settlement Conference Program."), *R&R adopted*, No. CV 13-3605 (JRT/SER), 2016 WL 1271470 (D. Minn. Mar. 31, 2016). The Court notes that Plaintiff has demonstrated his ability to litigate this matter, including by communicating the basis of his claim in his complaint, making various requests of the Court via letters and telephone calls to Chambers, and registering for electronic filing on the CM/ECF system.

---

permission is required under the Local Rules to bring a motion for reconsideration. *See* D. Minn. LR 7.1(j).

Accordingly, Plaintiff's Request is denied. The Court will, however, consider reasonable requests for extensions of time by Plaintiff, including in connection with the Motion to Dismiss (Dkt. Nos. 7-12) filed by Defendant State of Minnesota.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:** Plaintiff Roger J. Day's Request for Extension of Time to Make Oral Motion for Reconsideration of Order denying referral to *Pro Se* Project (Dkt. No. 6) is **DENIED**.

DATED: April 17, 2019        *s/Elizabeth Cowan Wright*
                             ELIZABETH COWAN WRIGHT
                             United States Magistrate Judge